IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SOLOMON S. H. HOE III,<br><br>      Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU, HONOLULU POLICE DEPARTMENT, JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10,<br><br>      Defendants.<br>_____ | CV. NO. 05-00602 DAE LEK |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the Amended Complaint and Renewed Motion and the supporting and opposing memoranda, the Court GRANTS Defendants' Motion to Dismiss.

BACKGROUND

On April 12, 2007, this Court: (1) Dismissed Plaintiff's § 1983 claim with leave to amend his complaint within thirty days of the dismissal to provide

further details of the Honolulu Police Department ("HPD") and the City and County of Honolulu's ("City") failure to train and supervise the police officer or officers who allegedly committed the violations, or to provide details of an HPD or City custom or policy that condoned use of excessive force through handcuffs or otherwise; (2) Dismissed Plaintiff's § 1983 claim with leave to amend his complaint within thirty days of the dismissal to provide further factual allegations of the injuries that he suffered as a result of the alleged unconstitutional acts; (3) Dismissed Plaintiff's claim of assault and battery without prejudice; (4) Granted summary judgment in favor of City and the HPD on the punitive damages issue.

On April 24, 2007, Plaintiff filed his Amended Complaint. Plaintiff alleges that when Officer Sugai told another officer to "hook him up," that is when Plaintiff saw the "Black Hinged Handcuffs, the very type of equipment which HPD officers are neither authorized nor trained to use." (Pl.'s Amended Compl. ¶¶ 1-2.) Plaintiff, however, did not mention the "black hinged handcuffs" in his first Complaint, only that, the Defendants unlawfully used "illegal handcuffs." ( Pl.'s Compl. ¶ 10.) Plaintiff further alleges that while he was being transported to the Central Receiving Division ("CRD"), he told Officer Sugai that the handcuffs were "too tight and causing [Plaintiff] a lot of pain." (Pl.'s Amended Compl. ¶ 3.) In his first Complaint, Plaintiff alleged only that the handcuffs were "a little bit

2

tight" or "kind of tight." (Pl.'s Depo. at 29-30.)  According to Plaintiff, Officer Sugai allegedly said that the ride was going to be a short one, and if Officer Sugai had to take Plaintiff to the hospital "for the pain, it would take even longer for him to get out of jail." (Pl.'s Depo. at 29-30, 68; Pl.'s Amended Compl. ¶ 3.)  At the police station, Plaintiff alleges that he told another officer as he exited the patrol car that the cuffs were "unbearable and needed to be removed right away." (Pl.'s Amended Compl. ¶ 4.)  Plaintiff claims that he complained twice to Officer Sugai about the pain the handcuffs were causing him.

On May 12, 2007, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint pursuant to the Federal Rules of Civil Procedure 12(b)(6) and 41(b), and their Renewed Motion for Summary Judgment.  Defendants argue that Plaintiff's Complaint should be dismissed because he failed to amend his Complaint with the necessary facts, as instructed by this Court, and he failed to diligently prosecute this matter.  Plaintiff has not filed an opposition to Defendants' motion.

STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Review is limited to the contents of the complaint.  Clegg v. Cult Awareness Network, 18

3

F.3d 752, 754 (9th Cir. 1994).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  <u>Livid Holdings Ltd. v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005).  A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965. (2007).  However, in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action.  <u>Id.</u> at 1966.  The plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence.  In other words, the plaintiff must allege enough facts to state a claim for relief that is plausible on its face.  <u>Id.</u> at 1974.  "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally.  <u>See</u> <u>Bernhardt v. Los Angeles County</u>, 339 F.3d 920, 925 (9th Cir. 2003); <u>Jackson v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003) (same).  Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt.  <u>See</u> <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).  "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could

4

not be cured by amendment.'" Id. (citation omitted). "[B]efore dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." Id.

## DISCUSSION

Defendants claim that Plaintiff's Amended Complaint fails under Rule 12(b)(6) because Plaintiff has not provided any factual details to support his claim that police officers were inadequately trained or supervised, or the existence of a City or HPD's policy or custom, which caused injury to Plaintiff. In addition, Defendants argue that Plaintiff has not set forth any claims for relief as required under the Federal Rules of Civil Procedure 8(a) because Plaintiff has failed to state that he is entitled to relief. Defendants contend that Plaintiff merely recited the reasons why he believes his case has merit and his annoyance with Defendants' discovery responses. Furthermore, Defendants seek dismissal under Rule 41(b) for lack of prosecution because Plaintiff has failed to file a Scheduling Conference Statement, Initial Disclosures, a Settlement Conference Statement, an Opposition to the instant Motion, a proper Amended Complaint, and a Pretrial Statement. In addition, Plaintiff has failed to respond to Defendants' discovery requests, which were served upon him on December 6, 2006. (Decl. C. Sherwood at 2-3, ¶¶ 3-7, 9-12.)

In this Court's previous order granting Plaintiff leave to amend, this Court found that the Defendants had provided evidence that they have a policy of discouraging excessive force and encouraging the proper use of handcuffs through Academy and annual training programs.  Specifically, Lieutenant Loo stated that HPD has a policy that instructs and trains the recruits and officers to visually inspect the handcuffs on the individual to make sure they are not fastened too tightly. (Decl. Loo ¶¶ 2, 10-13.)  Moreover, to prevent over-tightening of the handcuffs, they are instructed to double-lock the handcuffs.  Similarly, whenever an arrestee complains that the handcuffs are too tight, the officers are taught to check the spacing between the handcuffs and the wrists with their pinky fingers, and to loosen the handcuffs if necessary. (Decl. Loo ¶¶ 10-13; Decl. Ballard ¶ 6.) Defendants further provided evidence that all recruits must graduate from the Academy's extensive training program, covering over 1,054 hours of instruction with an emphasis on firearms and the use of force on arrestees, and attend annual training programs regarding the use of force, among others. (Decl. Loo ¶ 14; Decl. Ballard ¶¶ 3-4, 13-15.)

As for Officer Sugai, Major Ballard stated in her declaration that she reviewed the Academy's transcripts and found that Officer Sugai completed 1,120

hours of recruit training credit, that he graduated on July 18, 2001, from the Academy, and has attended annual training since graduating. (Decl. Ballard ¶¶ 11-12, 16.) Furthermore, when Plaintiff allegedly complained about the handcuffs being "a little bit tight" or "kind of tight," he alleged that Officer Sugai then checked the handcuffs by placing his finger in between the cuff and Plaintiff's wrist on "both sides," telling Plaintiff that it "was okay" and that it was a short ride to the police station. (Pl.'s Depo. at 29-30.)  This statement shows that Officer Sugai apparently acted appropriately, as trained.

In his first Complaint, Plaintiff had not alleged any facts that would demonstrate that his alleged injuries from being handcuffed were the result of inadequate and improper police training or supervision.  Nor did he suggest that his constitutional deprivations were the result of a product of an officially adopted policy statement, statute, ordinance, regulation, or decision; or caused by a custom or usage with the force of law.  Moreover, Plaintiff did not specify or elaborate what severe and permanent physical injuries he suffered, other than making vague references to such injuries.

In his Amended Complaint, Plaintiff has failed to specify further what policy or custom existed upon which he bases his claim, as instructed by this

Court.  Plaintiff only alleges that HPD used "policy-violating black cuffs" which HPD officers are "neither authorized nor trained to use." (Pl.'s Amended Compl. ¶¶ 2, 5.)  Plaintiff, however, did not elaborate how the "policy-violating black cuffs" violated his constitutional rights under § 1983, other than that, they were unauthorized and improperly used.  Plaintiff's explanations are vague and conclusory.  He has not provided any supporting details regarding training, supervision, or an existing policy or custom adopted by the Defendants of using unauthorized handcuffs.  Defendants, on the other hand, provided evidence that they used issued silver colored handcuffs in this specific arrest of Plaintiff.

Plaintiff also has not provided any further factual allegations of the injuries he suffered.  Plaintiff fails to specify exactly what or how severe the "bodily injuries" were that he suffered as a consequence of the "tightness, unbearableness, and pain."  Plaintiff has not provided evidence such as scratches, bruising, ripped skin, torn muscles, broken bones, mental anguish, or emotional distress suffered to his person from the handcuffing which could give rise to a Fourth Amendment violation as recognized by the Ninth Circuit.  See, e.g., Wall v. Co. of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004); LaLonde v. Co. of Riverside, 204 F.3d 947, 960 (9th Cir. 2000); Alexander v. Co. of Los Angeles, 64 F.3d 1315, 1322-23 (9th Cir. 1995); Palmer v. Sanderson, 9 F.3d 1433, 1436 (9th Cir. 1993);

Hansen v. Black, 885 F.2d 642, 645 (9th Cir. 1989).  In addition, Plaintiff has not provided any other evidence, such as a documentation, either from health facilities or from health care takers, to support his alleged injuries.  Indeed, Plaintiff has not filed an opposition to Defendants' instant motion.

This Court has reviewed Plaintiff's Amended Complaint in light most favorable to the Plaintiff and concludes that Plaintiff's claims under § 1983 are dismissed.  Plaintiff has failed to provide further factual details of the HPD and the City's failure to train and supervise the police officer or officers who allegedly committed the unconstitutional violations on the Plaintiff pursuant to a policy or custom regarding the use and proper handling of handcuffs, which resulted in Plaintiff's allegedly suffering bodily injuries.

With the dismissal of the federal law claim, this Court finds that dismissal of Plaintiff's remaining State law claims for assault and battery without prejudice is proper.  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); see also Sevcik v. Unlimited Const. Servs., Inc., 462 F. Supp. 2d 1140, 1150 (D. Haw. 2006) (dismissing remaining state law claims).

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 19, 2007.



David Alan Ezra
United States District Judge

Solomon S.H Hoe III vs. City and County of Honolulu, et al., Civil No. 05-00602 DAE LEK; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS